Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC. en representación del FRANCISCO MARÍN REBOIRO (adulto mayor)<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrida | KLCE202400695 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJL121-2024-4082<br><br>Sobre:<br>Ley Núm. 121 de 2019 (Orden de Protección para el Adulto Mayor) |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 3 de julio de 2024.

El 24 de junio de 2024, el Hospital Español Auxilio Mutuo de Puerto Rico, Inc., en representación de Francisco Marín Reboiro (en adelante, Hospital o parte peticionaria), nos solicitó la revocación de una orden en la que el Tribunal de Primera Instancia, Sala Municipal de San Juan, citó a las partes a una audiencia a celebrarse el 27 de junio de 2024 a las 9:00 a.m., en lugar de conceder la orden de protección que se sometió ante su consideración.

En esa fecha, la parte peticionaria también instó una *Moción en Auxilio de Jurisdicción,* en la que aseveró que el esperar hasta la vista señalada representa un riesgo para la salud del Sr. Francisco Marín Reboiro (en adelante señor Marín), en representación de quien acudió al tribunal al amparo de la Ley 121-2019.

-I-

Conforme arrojan los documentos sometidos por la parte peticionaria, el Hospital acudió al Tribunal de Primera Instancia, Sala

Municipal de San Juan mediante *Petición de Orden de Protección para el Adulto Mayor*. El Departamento de la Familia fue identificado como la parte peticionada. Allí, se manifestó que el señor Marín había sido abandonado en la Sala de Emergencia del Hospital, lo que constituía la modalidad de maltrato por abandono. Por esta razón, se solicitó que se le adjudicara la custodia temporal del señor Marín al Departamento de la Familia. Ante dicha petición, la Sala Municipal de San Juan emitió *Orden de citación* en la que señaló audiencia para el 27 de junio de 2024, a las 9:00 a.m. En desacuerdo con tal acción, el Hospital instó el recurso de epígrafe y señaló que se equivocó la Sala Municipal al denegar su petición y no emitir la *Orden de Protección Ex Parte* que solicitó al amparo del Artículo 13 de la Ley 121-2019.

Atendido ambos escritos, denegamos la petición de auxilio, establecimos un breve término al Departamento de la Familia para que compareciera y ante una solicitud de extensión del plazo de diez (10) días para ello, extendimos el mismo sólo hasta el viernes, 28 de junio del año en curso a las 10:00 de la mañana. El Departamento de la Familia compareció dentro del plazo concedido mediante *Escrito en Cumplimiento de Resolución*. Allí, luego de establecer los hechos pertinentes, informó, que se encontraba evaluando los elementos sociales del caso y que ha determinado ubicarlo en una institución de cuidado sustituto, pues requiere de asistencia para su cuidado. Recibido el documento, emitimos *Resolución* en la que solicitamos al TPI remitirnos el enlace de la regrabación de la vista de seguimiento celebrada en el caso el 27 de junio de 2024. Además, entre otras cosas, le concedimos al Departamento hasta el 1ro de julio de este año para informar la institución de cuidado sustituto a la que se ha determinado ubicar al adulto mayor. El mismo plazo fue otorgado a la parte peticionaria para cumplir con nuestra *Resolución* del 25 de junio de 2024, la cual a dicha fecha no había cumplido.

El Departamento sometió *Moción en Cumplimiento de Orden* en la que nos informó que la institución de cuidado sustituto identificada para recibir al adulto mayor es Hogar Somos Familia. Igualmente, notificó que se encuentra en espera de una orden por parte del tribunal para ubicarlo. Hemos escuchado la regrabación de la audiencia celebrada el 27 de junio de 2024. Así hecho, desestimamos el recurso de epígrafe por haberse tornado académico.

-II-

*A.*

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019).   En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley.  Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).  Ello es así, toda vez que la ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal.  Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012).  De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

**-III-**

Tal como arriba consignamos, el Hospital alegó que constituyó error el no expedir una *Orden de Protección ex parte* en el caso y limitarse a citar a una audiencia. En la discusión de sus señalamientos, el Hospital aseveró que el Artículo 20 de la citada ley le impone un deber ministerial de asumir custodia de emergencia de un adulto mayor y realizar los trámites ulteriores correspondientes para que dicha custodia sea trasladada al Departamento de la Familia dentro de veinticuatro (24) horas. Entonces, indicó que la prueba desfilada en la vista celebrada en el caso demostraba que el señor Marín fue abandonado en el Hospital, lo que constituye maltrato que atenta en contra de su seguridad, salud e integridad física, mental y emocional; que el Hospital se vio obligado a asumir su custodia y que refirió dentro del plazo establecido por ley el asunto a la atención del Departamento de la Familia. Por estas razones, nos solicitó que dejáramos sin efecto el señalamiento para audiencia y que, en su lugar, le ordenemos al Departamento de la Familia a aceptar su custodia.

Ahora bien, al escuchar la regrabación de la audiencia celebrada el pasado 27 de junio de 2024, tomamos conocimiento judicial que el foro primario le concedió la custodia provisional del Sr. Francisco Marín Reboiro al Departamento de la Familia, quien quedó pendiente de identificar en los próximos días el hogar sustituto, una vez pueda conocerse los ingresos del adulto mayor, gestión para la cual solicitó la asistencia del tribunal a los efectos de que se emita la orden correspondiente a tales efectos. Asimismo, de los distintos escritos sometidos por el Departamento en cumplimiento de nuestras órdenes surge que el hogar sustituto ya fue identificado y que se está en espera de una orden del Tribunal para poder ubicarlo allí.

Habiéndosele asignado la custodia provisional del Sr. Francisco Marín Reboiro al Departamento de la Familia, la determinación recurrida advino académica. En consecuencia, tenemos el deber de declarar que

carecemos de jurisdicción sobre la cuestión, debiéndose sin más, desestimar el recurso.

**-IV-**

Por todo lo antes consignado, desestimamos el recurso por haberse tornado académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones